**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JIAN GAO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-612-PRW |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before this Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1), challenging his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE") as unlawful and unconstitutional. This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Petitioner asserts that he is detained under 8 U.S.C. § 1226(a), which permits bond hearings, whereas ICE contends that he is detained under § 1225(b)(2)(A), which mandates detention. The Tenth Circuit recently limited § 1225(b)(2)(A)'s reach to aliens detained at the border.[1] Because the Petition alleges—and the government does not dispute—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a).

Accordingly, the Court **GRANTS** the Petition (Dkt. 1) **IN PART**. The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under

---

[1] *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026).

1

§ 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[2]

    **IT IS SO ORDERED** this 15th day of July 2026.

                                _____

                                PATRICK R. WYRICK
                                UNITED STATES DISTRICT JUDGE

---

[2] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.